Filed 7/23/26  Phillips v. City of Santa Ana CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| CARMEN PHILLIPS,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CITY OF SANTA ANA et al.,<br><br>    Defendants and Respondents. | G065126<br><br>(Super. Ct. No. 30-2022-01287101)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Robert S. Nelson, Judge. Affirmed.

Beloryan & Manukyan, Haik Armen Beloryan and Vahe Shakhgeldyan for Plaintiff and Appellant.

London Fischer, Richard S. Endres, Jefferson M. Shelton and Stephanie Folan for Defendants and Respondents.

\*          \*          \*

After suffering injury from tripping over a plywood board covering a sidewalk excavation, Carmen Phillips sued the City of Santa Ana (the City), C.S. Legacy Construction (Legacy), and KDC Inc. dba Dynaelectric L.A. (KDC) (collectively, respondents). Phillips appeals the trial court's grant of summary judgment to respondents on the ground that the plywood board was a "trivial defect." We conclude on our de novo review that the defect was trivial, and Phillips did not present sufficient evidence to raise a triable issue of material fact otherwise. We affirm.

FACTS

A.     *Factual Background*

In 2021, the City was working on planned improvements as part of its South Main Street Corridor Improvements Project. In July 2021, pursuant to its subcontract with Legacy, KDC dug a nine-foot-deep hole for a light pole foundation on the east side of Main Street between Chestnut Avenue and First Street, which was next to bus stop #6498. KDC bolted a plywood board over the hole to prevent pedestrian injuries. The plywood cover was 0.688 inches in height and was affixed directly to the sidewalk. The plywood cover was brown and the concrete sidewalk it was affixed to was grey.

At approximately 3:30 p.m. on October 29, 2021, Phillips was waiting at the bus stop on Main Street near First Street in Santa Ana. Phillips tripped over the plywood cover while walking toward the bus and fell. Phillips never noticed the plywood board and did not look down at the ground before she fell. It was a "warm, sunny day." There were no

2

obstructions which impaired Phillips's ability to see the plywood board. An A-frame barricade was placed directly next to, but not on top of, the plywood cover on the day of Phillips's fall. Phillips had walked on or near the sidewalk at the location of the accident often, including a "couple of times a week" during the three months before the accident.

Phillips's counsel and expert could not inspect the plywood board because it had been removed and repaired after her fall. Phillips provided four black and white photographs of the plywood cover, dated November 2, 2021, four days after the accident. The photos show that the cover did not have any broken pieces or jagged edges, and there does not appear to be any other condition which might have obscured or concealed the cover. Legacy and KDC have no record of anyone other than Phillips claiming to have tripped on the plywood board.

B.     *Procedural History*

In October 2022, Phillips filed the instant lawsuit, alleging claims for negligence and premises liability.

In May 2024, respondents filed a motion for summary judgment, arguing that the defect was trivial, as well as open and obvious. Phillips filed an opposition to the motion for summary judgment, which included her deposition testimony and Orange County Transit Authority (OCTA) bus videos which showed Phillips's fall.

Phillips also relied on the opinion of Alex Zaretskiy, an expert in forensic engineering, who opined, "[T]he [i]ncident did not occur over a trivial imperfection of the sidewalk itself. Instead, the [i]ncident occurred at an area where [the City] and/or their agents had installed a temporary, off-the-shelf board without adherence to their own municipal code guidelines. As such, the defect itself was not trivial in nature—the defect was man-made and set into

3

place by deficient and substandard practices. . . . [¶] . . . As such, it is my opinion that the area of the [i]ncident created and maintained a hazardous condition that resulted in the occurrence of the [i]ncident."

Construing Zaretskiy's declaration liberally, he impliedly concluded that height differentials above 0.5 inches are not trivial based on ambulation studies which show that a toe clearance for a pedestrian is a minimum of 0.5 to 0.6 inches. Zaretskiy further opined, "A defect, such as the one where [Phillips] tripped, should not be considered trivial due to incompetent and deficient installation practices further compounded by a lack of any direct oversight and verification of compliance with the [m]unicipal [c]ode by the [City]." Zaretskiy also stated that the plywood board violated construction manual procedures and City ordinances.

Respondents filed a reply brief with accompanying objections to evidence. The trial court granted the motion for summary judgment, finding that the plywood board was a trivial defect and that Phillips had not met her burden to offer sufficient evidence of aggravating factors to overcome this finding.

## DISCUSSION

Phillips argues the trial court erred in granting summary judgment to respondents because the defect was not trivial but was instead a dangerous condition which presented a substantial risk of harm. We conclude on our de novo review that the defect was trivial as a matter of law and Phillips failed to present sufficient evidence to overcome this finding.

### I.

#### LEGAL STANDARD

A motion for summary judgment is to be granted "if all the papers submitted show that there is no triable issue as to any material fact

4

and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) A defendant moving for summary judgment bears an initial burden of showing that the plaintiff's causes of action have no merit, and the defendant meets this burden by making a prima facie evidentiary showing that one or more elements of each cause of action cannot be established, or there is a complete defense to each cause of action. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849–851; § 437c, subd. (p)(2).) If the defendant meets its initial burden, the burden shifts to the plaintiff to produce evidence of a triable issue of material fact concerning the challenged element or defense. (*Aguilar*, at pp. 849–851; § 437c, subd. (p)(2).) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar*, at p. 850.) Throughout the motion, however, the moving party bears an overall burden of persuasion that there is no triable issue of material fact and that the moving party is entitled to judgment as a matter of law. (*Ibid.* & fn. 11.)

An order granting summary judgment is reviewed de novo, and the appellate court considers all the evidence adduced on the motion (except evidence that the trial court properly excluded) and the uncontradicted inferences the evidence reasonably supports. (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.) "We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party." (*Zubillaga v. Allstate Indemnity Co.* (2017) 12 Cal.App.5th 1017, 1021.) The trial court's reasons for granting the motion are not binding on appeal because the appellate court reviews the trial court's

5

ruling, not its rationale. (*Kids' Universe v. In2Labs* (2002) 95 Cal.App.4th 870, 878.)

II.

RESPONDENTS ARE ENTITLED TO SUMMARY JUDGMENT

A.   *Applicable Law*

The Government Claims Act provides for liability on the part of public entities for certain injuries caused by dangerous conditions on their property. (Gov. Code, § 810 et seq.) Liability may attach to a governmental entity if there is a dangerous condition on governmental property. (*Id.* §§ 830, 835.) A condition is dangerous if it "creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property . . . is used with due care in a manner in which it is reasonably foreseeable that it will be used." (*Id.* § 830, subd. (a).) Conversely, a condition is not dangerous if "the trial or appellate court, viewing the evidence most favorably to the plaintiff, determines as a matter of law that the risk created by the condition was of such a minor, trivial or insignificant nature in view of the surrounding circumstances that no reasonable person would conclude that the condition created a substantial risk of injury when such property . . . was used with due care in a manner in which it was reasonably foreseeable that it would be used." (*Id.* § 830.2.)

"[A] public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either: [¶] (a) A negligent or wrongful act or omission of an employee of the public entity . . . created the dangerous condition; or [¶] (b) The public entity

6

had actual or constructive notice of the dangerous condition under [s]ection 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition." (Gov. Code, § 835.)[1]

"[L]andowners 'do[] not have a duty to protect pedestrians from every sidewalk defect that might pose a tripping hazard—only those defects that create a *substantial* risk of injury to a pedestrian using reasonable care.'" (*Miller v. Pacific Gas & Electric Co.* (2023) 97 Cal.App.5th 1161, 1166 (*Miller*).) "The trivial defect doctrine originated to shield public entities from liability where conditions on public property create a risk 'of such a minor, trivial or insignificant nature in view of the surrounding circumstances . . . no reasonable person would conclude that the condition created a substantial risk of injury when such property or adjacent property was used with due care in a manner in which it was reasonably foreseeable that it would be used.'" (*Kasparian v. AvalonBay Communities, Inc.* (2007) 156 Cal.App.4th 11, 27 (*Kasparian*).) The trivial defect doctrine is not an affirmative defense. "Rather [it is] an aspect of duty that a plaintiff must plead and prove." (*Cadam v. Somerset Gardens Townhouse HOA* (2011) 200 Cal.App.4th 383, 388 (*Cadam*).)

In appropriate cases, the trial court may determine, and the appellate court may determine de novo, whether a given walkway defect was trivial as a matter of law. (Gov. Code, § 830.2; *Stathoulis v. City of Montebello* (2008) 164 Cal.App.4th 559, 569–570.) "Where reasonable minds can reach only one conclusion—that there was no substantial risk of injury—the issue is a question of law, properly resolved by way of summary judgment." (*Caloroso v. Hathaway* 122 Cal.App.4th 922, 929 (*Caloroso*).) If, however, the

---

[1] Phillips relies on section 835, subdivision (a) and does not argue that subdivision (b) is at issue.

7

court determines that sufficient evidence has been presented so that reasonable minds may differ as to whether the defect presents a substantial risk of injury, the court may not conclude that the defect is trivial as a matter of law. (*Kasparian, supra,* 156 Cal.App.4th at p. 28.)

Sidewalk elevations ranging from three-quarters of an inch to one and one-half inches have consistently been found trivial as a matter of law. (See, e.g., *Caloroso, supra,* 122 Cal.App.4th at p. 927, *Huckey v. City of Temecula* (2019) 37 Cal.App.5th 1092, 1107 (*Huckey*).) However, in determining whether a given walkway defect is trivial as a matter of law, the court should not rely solely upon the size of the defect—in this case, the height differential between the sidewalk and the plywood board—although the defect's size "may be one of the most relevant factors" to the court's decision. (*Fielder v. City of Glendale* (1977) 71 Cal.App.3d 719, 734 (*Fielder*).) The court should consider other circumstances which might have rendered the defect a dangerous condition at the time of the accident. (*Ibid.*)

"These other circumstances or factors include whether there were any broken pieces or jagged edges in the area of the defect, whether any dirt, debris or other material obscured a pedestrian's view of the defect, the plaintiff's knowledge of the area, whether the accident occurred at night or in an unlighted area, the weather at the time of the accident, and whether the defect has caused any other accidents." (*Huckey, supra,* 37 Cal.App.5th at p. 1105.) In sum, "[a] court should decide whether a defect may be dangerous only after considering all of the circumstances surrounding the accident that might make the defect more dangerous than its size alone would suggest." (*Caloroso, supra,* 122 Cal.App.4th at p. 927.)

The court's analysis of whether a walkway defect is trivial involves two steps. "'First, the court reviews evidence regarding type and size

8

of the defect. If that preliminary analysis reveals a trivial defect, the court considers evidence of any additional factors [bearing on whether the defect presented a substantial risk of injury]. If these additional factors do not indicate the defect was sufficiently dangerous to a reasonably careful person, the court should deem the defect trivial as a matter of law . . . .'" (*Huckey*, *supra*, 37 Cal.App.5th at p. 1105.)

B.    *Analysis*

1.  The Defect Was Trivial as a Matter of Law

We conclude the plywood board was a trivial defect as a matter of law. It is undisputed that the height differential between the sidewalk and the plywood board was 0.688 inches, slightly less than sidewalk offsets which have been held to be trivial as a matter of law. (*Huckey*, *supra*, 37 Cal.App.5th at p. 1107 [noting "[s]idewalk elevations ranging from three-quarters of an inch to one and one-half inches have generally been held trivial as a matter of law"]; *Cadam*, *supra*, 200 Cal.App.4th at p. 389 [height differential between three-fourths and seven-eighths of an inch trivial]; *Nunez v. City of Redondo Beach* (2022) 81 Cal.App.5th 749, 754, 759–760 (*Nunez*) [three-fourths inch height differential held trivial].)

2.  Phillips's Arguments that the Defect Was Not Trivial Are Unavailing

Phillips argues that the defect cannot be trivial because 0.688 inches is greater than the minimum toe clearance of a pedestrian during normal walking stride, which is approximately 0.50 to 0.60 inches, based on studies of human ambulation, as cited in the expert's declaration. However, minimum toe clearance is not the legal standard. Rather, it is whether the risk created by the 0.688-inch height differential "was of such a minor,

9

trivial, or insignificant nature in view of the surrounding circumstances" (Gov. Code, § 830.2.), which we find it was here.

Phillips also contends the defect is not trivial because the City was in violation of its own municipal codes and standard construction industry practices. First, Phillips's expert declaration cites to chapter 33, article II, section 33-32.6, subdivision (b) (section 33-32.6) of the City's municipal code, which provides that permittees "shall cover [an] open excavation with non-skid surface steel plates ramped to the elevation of the contiguous street, pavement, or other public right-of-way or otherwise protected in accordance with guidelines prescribed by the department." Second, the declaration contends the height differential violates certain provisions of the 2016 Work Area Traffic Control Handbook (WATCH Manual), a common reference guide for the construction industry.

However, courts have rejected the argument that the failure to follow municipal codes or other construction industry standard practices raises a triable issue of fact regarding whether a sidewalk defect is dangerous. (See *Miller*, *supra*, 97 Cal.App.5th at p. 1168 [city guidelines requiring repair of sidewalk height differentials of one-half inch or greater did not render all differentials of such height nontrivial]; *Caloroso*, *supra*, 122 Cal.App.4th at p. 928-929 [defendant's noncompliance with certain building codes and standards did not raise triable issue of fact that sidewalk crack was dangerous].) Nor has Phillips demonstrated that either the City's municipal code standards for construction or the WATCH Manual have been adopted as the legal standard for determining sidewalk safety.

3. Phillips Has Failed to Create a Triable Issue of Material Fact

Because we find the defect trivial as a matter of law, we consider whether Phillips has created a triable issue of material fact by providing

10

evidence of aggravating factors that would make the plywood board a substantial risk of injury to pedestrians despite its height. (*Huckey*, *supra*, 37 Cal.App.5th at p. 1105.) The undisputed evidence demonstrates there were no aggravating factors when Phillips fell that would make the 0.688-inch height differential dangerous: it was a warm, sunny, dry day; Phillips was familiar with the area; there was nothing obscuring Phillips's view of the area; the plywood board was brown, which contrasted with the grey concrete sidewalk; there was an A-frame barricade directly next to the plywood board; the plywood board had no jagged edges or broken pieces; there was no debris, oil, or other materials on the plywood board; and there were no other reports of complaints to the City regarding the site where Phillips fell.

Phillips contends that she tripped over a raised corner of the plywood board which was greater than the board's thickness of 0.688 inches and that the board was not sufficiently secured to the sidewalk. However, she has proffered no admissible evidence to support her assertions. The four black and white photographs provided by Phillips do not conclusively demonstrate the height differential was greater than 0.688 inches. We also note the photographs were taken four days after Phillips's fall and therefore do not necessarily demonstrate the condition of the plywood board at the time of her accident. The color Google street view photograph Phillips provided depicts the site in August 2021, at least two months before her fall and therefore does not reflect the board's condition at the time of the accident. We have also reviewed the photographic and video evidence taken by the OCTA bus and find that it does not create a triable issue of material fact sufficient to overcome the finding that the height differential was trivial as a matter of law.

11

Nor does Phillips's expert witness declaration create a triable issue of material fact sufficient to overcome the finding that the plywood board was a trivial defect. An expert declaration like the one here does not prevent a court from finding a defect is trivial as a matter of law. (See, e.g., *Fielder*, *supra*, 71 Cal.App.3d at 722, 732 [rejecting expert opinion that height elevations greater than one-half inch are hazardous because "[i]t is well within the common knowledge of lay judges and jurors just what type of a defect in a sidewalk is dangerous"]; *Nunez, supra*, 81 Cal.App.5th at pp. 754, 759–760 [three-fourths inch height differential held trivial despite expert declaration]; *Huckey, supra*, 37 Cal.App.5th at pp. 1099, 1110 [height differential found trivial as a matter of law despite expert opinion].)

In sum, we conclude the defect was trivial as a matter of law and Phillips has failed to create a triable issue of material fact otherwise.

## DISPOSITION

The judgment is affirmed. Respondents to recover their costs on appeal.

SCHWARM, J.*

WE CONCUR:

MOTOIKE, P. J.

GOODING, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.